Cheshire
No. 81-080

THE STATE OF NEW HAMPSHIRE

v.

LYNN CHONG & a.

October 1, 1981

*Charles H. Morang*, city attorney, City of Keene, by brief and orally, for the plaintiff.

*New Hampshire Civil Liberties Union (Raymond S. Perry, Jr.*, on the brief and orally), for the defendants.

DOUGLAS, J. Defendants were arrested for distributing anti-nuclear handbills on the sidewalk of Central Square in the city of Keene without first having obtained a permit to do so from the Chief of Police. The city ordinance they were charged with violating proscribed the distribution of handbills, notices, or advertising devices of any kind without a permit from the chief of police. The police chief could also impose "reasonable limits" on such permits and attach "reasonable conditions." Following conviction in Keene District Court, the defendants appealed to the Superior Court (*Pappagianis*, J.), which transferred the question of the constitutionality of the ordinance to this court.

The Keene ordinance on its face violates the State and federal constitutions. It clearly infringes upon the defendants' fundamental rights to exercise their freedom to seek political change by distributing leaflets in the city square. As this court recently noted, our constitution guarantees the people the right "in an

orderly and peaceable manner" to assemble and petition the public or their representatives. N.H. CONST. pt. 1, art. 32; *State v. Nickerson,* 120 N.H. 821, 824, 424 A.2d 190, 192 (1980). "It is not surprising that both the State and Federal Constitutions address themselves to the right of the people to peacefully assemble and raise public attention to matters they consider of importance because '[m]aintenance of the opportunity for free political discussion is a basic tenet of our constitutional democracy.' " *Id. See also* N.H. CONST. pt. 1, art. 22. The ordinance unjustifiably inhibits the defendants' opportunity to engage in free political discussion.

■ Prior restraints are inherently suspect because they threaten the fundamental right to free speech. *Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 559 (1976); *Keene Publishing Corp. v. Cheshire County Superior Court,* 119 N.H. 710, 712, 406 A.2d 137, 138 (1979). Advance permit statutes similar to the Keene ordinance have repeatedly been struck down on first amendment grounds by the United States Supreme Court. *Cantwell v. Connecticut,* 310 U.S. 296, 304–05 (1940); *Lovell v. City of Griffin,* 303 U.S. 444, 451–52 (1938).

■ The City of Keene has failed to justify the ordinance by demonstrating that it serves a compelling state interest. Its ostensible purpose is to prevent littering. Keeping the streets free from litter is insufficient justification for an ordinance requiring individuals to obtain a permit prior to distributing handbills. *Schneider v. State,* 308 U.S. 147, 162 (1939). If the defendants were to litter, they could, of course, be charged with that violation. *See, e.g.,* RSA 147:21; RSA 163-B:3.

■ The ordinance is particularly offensive because it gives one governmental official unfettered discretion to determine who may distribute handbills in the city of Keene. No standards guide the chief of police in deciding whether to issue a permit. The United States Supreme Court has consistently held statutes placing unlimited discretion in one governmental official unconstitutional. *Cantwell v. Connecticut,* 301 U.S. at 305; *Lovell v. Griffin,* 303 U.S. at 452 ("the ordinance . . . would restore . . . license and censorship in its baldest form"). We now unhesitantly hold that the Keene ordinance is unconstitutional to the extent it requires standardless prior approval for distributing political leaflets.

> *Remanded for dismissal of charges against defendants.*

All concurred.